## No. 13,640.

### MRS. MATTILE LABARRE VS. CITY OF NEW ORLEANS.

#### SYLLABUS.

Only an issue of facts presented. Plaintiff was injured by a fall in the night time from a higher level to a lower level of a side-walk. The evidence shows such a condition of the banquette, left for years unattended to, as to be dangerous to pedestrians at night, and to amount to negligence on part of the municipality rendering it liable.

APPEAL from the Civil District Court, Parish of Orleans—
*King, J.*

---

*Charles Louque,* for Plaintiff, Appellee.

---

*Arthur McGuirk,* Assistant City Attorney, and *Samuel L. Gilmore,* City Attorney, for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. One night in the winter of 1898 plaintiff was walking along Marais street in the City of New Orleans when she fell, and suffered from the fall bodily injuries.

She brought this suit to recover damages.

She alleges the fall was occasioned by a serious and dangerous unevenness in the sidewalk, a "great depression" as her petition styles it, and that by reason of want of light and her lack of knowledge of the locality she suddenly stepped off the higher plane of the sidewalk down on to the lower level and was pitched violently forward, fell, was rendered unconscious, and received various injuries, which she describes, and was confined to her bed for a long time, etc.

She charges gross negligence and want of care, amounting to total disregard of public duty on part of the defendant.

She avers she had been and was at the time of the accident the proprietor of an undertaking establishment and conducted the business of undertaker, and that by reason of her injuries and her confinement consequent thereon, her business was ruined, her bills remained uncollected, she fell in arrears in payment of her obligations and was seized and sold out for debt.

She alleges this was proximately caused by the injuries received as aforesaid and lays claim to five thousand dollars damages on this score.

She represents herself to be permanently disabled, and for this and the pain she underwent she claims ten thousand dollars.

She asserts she expended for medical and surgical aid, including medicine, incident to her illness, five hundred and fifty dollars.

Lastly, she claims under the head of punitive and exemplary damages five thousand dollars.

The defendant, the City of New Orleans, pleaded the general issue.

The case was tried without a jury and resulted in a judgment by the trial court in favor of plaintiff for one thousand dollars.

The city prosecutes this appeal, and in this court plaintiff prays the judgment be amended by increasing its amount to twenty-five hundred dollars.

*Ruling*—The petition greatly exaggerates the plaintiff's injuries and the extent of her financial loss. There is a tropical-like luxuriance of allegation, but a Sahara-like sterility of proof.

She was injured to some extent by the fall, she endured some pain

and was confined to her house for awhile. It may be, too, she suffered some financial loss by the fact of her illness and consequent inability to give, during the time, personal attention to her affairs.

But the allowance of one thousand dollars given by the judge of the District Court covers, we think, everything she is entitled to on all accounts.

The evidence shows the condition of the sidewalk at the point where the fall occurred was such as to present the element of danger to pedestrians on a dark night, such as the one in question, and this was augmented by the fact that on the day and evening of the date of the accident heavy rains had flooded the street, filling the lower level of the sidewalk flush with the higher level along which the plaintiff was walking, and thus concealing the discrepancy and rendering entirely unapparent to her the danger of the situation.

The evidence shows, further, that this inequality of the sidewalk, this "step-off" from a higher level to a lower level in the banquette, had been permitted by the city authorities to remain for years, having been remedied only since the date of the plaintiff's fall.

These facts make out a case of liability on part of the city.

The plaintiff had the right to traverse that street; it was the shortest route, it seems, from her place of business to her home; she was on her way from one to the other when she fell.

She was in the habit of going home by street car over another street, but testifies she missed the car and, thus, came to choose the route which resulted in the misfortune which overtook her.

But she had not, it seems, traveled it enough to be familiar with its dangers.

Judgment affirmed.