## No. 9736

## Orleans Appeal

---

## MRS. NORBERT J. WILTZ v. CITY OF NEW ORLEANS, Appellant

---

(June 29, 1925, Opinion and Decree)

---

(*Syllabus by the Court.*)

1. Louisiana Digest—Municipalities—Par. 255.

As a general rule the City of New Orleans is liable in damages to a pedestrian who walks over a sidewalk and suffers injury owing to its defective condition.

2. Louisiana Digest—Municipalities—Par. 257, 260.

But that responsibility exists only when the defective condition is dangerous or calculated to do injury, and when the city had actual or constructive knowledge of the defective condition.

(Civil Code, Art. 2315. Editor's note.)

Appeal from Civil District Court. Hon. Percy Saint, Judge.

This is a suit for damages arising out of a defective sidewalk which caused an injury to a pedestrian.

Judgment for plaintiff.

Defendant appealed.

Judgment reversed.

H. W. Robinson, Daniel Wendling, attorneys for plaintiff and appellee.

W. C. Jones, Francis P. Burns, attorneys for defendant and appellant.

CLAIBORNE, J. Plaintiff stepped into a hole on a sidewalk and suffered an injury for which she sues the City of New Orleans.

The plaintiff alleged that on December 19, 1922, at 4:45 P. M., she was walking along the river-side sidewalk of Dauphine street, between Canal and Iberville streets, when about some thirty feet from the corner of Canal she stepped into a hole on the sidewalk near the wall, about nine inches wide, one foot in length and from four to six inches deep; that she sprained her ankle, was confined to her bed for three weeks, and to her home for six weeks; that said street is all day constantly crowded with pedestrians, and that it was gross negligence on the part of the city to leave holes in the sidewalks of which it had actual or constructive knowledge for months prior thereto. She claimed the following damage:

Servant hire _____$ 30.00
Dr. Stone _____ 25.00
X-ray _____ 7.50
Dr. Heninger _____ 5.00
Medicine _____ 2.00

                                          $69.50
Suffering _____ 5000.00

                                        $5069.50

The defendant denied the allegations of the petition and alleged that the injury was due to the carelessness of the plaintiff.

There was judgment for plaintiff for $569.50, from which defendant has appealed.

The District Judge found that the hole in the sidewalk was about fourteen inches wide and four to six inches deep; that the hole had existed for about six months, during which time several people had stumbled into it; that the city had actual or constructive notice of it on account of the prominence of the locality and should have repaired it.

It is true as a general rule that the City of New Orleans is liable for an injury suffered by a pedestrian in walking over a sidewalk owing to its defective condition. But that responsibility exists only when the defective condition is dangerous or calculated to do injury, 28 Cyc. 1367, note 86, pp. 1384, 1388, and when the city has actual or constructive knowledge of the defective condition.

In the leading case of O'Neil vs. City, 30 La. Ann. 220, a plaintiff fell from a gutter crossing in bad condition. The court said: "The defect which caused the accident was often seen by and was well known to some of those employed by the city to repair its streets," and the plaintiff was allowed a judgment. Blume vs. City of New Orleans, 104 La. 345, 29 South. 106; Aucoin vs. City of New Orleans, 105 La. 271, 29 South. 502; Labarre vs. City of New Orleans, 106 La. 458, 460, 30 South. 891; Buechner vs. City of New Orleans, 112 La. 599, 603, 605, 36 South. 603; Lorenz vs. City of New Orleans, 114 La. 802, 38 South. 566; Weinhardt vs. City of New Orleans, 125 La. 351, 51 South. 286.

In Mrs. Elsie Peetz vs. St. Charles St. Ry. Co., 42 La. Ann. 541, 7 South. 688, the court said on p. 547:

"It is not shown that the defendant company had notice of the condition of the bridge or that any complaint was made prior to the accident or that the crossing was at all hazardous."

In Labarre vs. City of New Orleans, 106 La. 458, 30 South. 891, the court said on p. 460:

"The evidence shows the condition of the sidewalk at the point where the fall occurred was such as to present the element of danger to pedestrians on a dark night." Yerser vs. Murdock, 126 La. 795, 52 South. 1028; Goodwyn vs. City of Shreveport, 134 La. 820, 64 South. 762.

In Weinhardt vs. City of New Orleans, 125 La. 351, 51 South. 286, the court said on p. 356:

"There is no negligence for which she can be held, unless it appears that she has been warned or notified, either expressly or by implication."

In the case of James vs. City of N. O., No. 8950, this court said that the fact that others besides the plaintiff's mother had slipped upon the manhole and had received injuries would not serve as evidence of actual or constructive notice to the city in the absence of proof that those accidents had been communicated to the city authorities. In this case there is evidence that some few persons tripped into the hole, but the evidence is that they were not hurt thereby.

"Prior accidents at the precise place where plaintiff was injured and caused by the same defect or obstruction do not necessarily show negligence on the part of the municipality."

"If the full description of the alleged defect in a municipal case shows that it was not naturally dangerous, and must almost inevitably occur in the many street miles of a city, unless a grievously burdensome degree of care and expense is to be exacted, a recovery will not be allowed even though witnesses do testify to prior accidents." 86 N. E. 833.

"The city is not an insurer against accidents upon sidewalks." 4 Dillon S. 1711, 3 Abbott S. 1001, Elliott S. 793, 29 C. J. 680.

"The sidewalk in this case was not absolutely safe but it was reasonably safe, and that is all the law requires." 32 Grat. 798, 64 N. Y. Supp. 636, 199 N. Y. 79, 28 Cyc. 1366.

In the present case the testimony is that the pavement of the sidewalk is concrete; that up against the wall there was a hole in the pavement about 10 or 12 inches wide by 10 or 12 inches long and about four inches deep.

Wm. Odom for the plaintiff is the only witness who says that it was 12 or 14 inches wide and 4 or 5 inches deep; no witness says it was 6 inches deep; the hole had existed for six or eight months prior to the accident; the same Odom testified that he sold newspapers at a stand some thirty feet from the hole; that many people passed on that sidewalk which led to Holmes' store on one side and Canal street on the other; that during that time he saw half a dozen persons put their foot into that hole and that he himself did it, but that no one was ever hurt; and that he told no one of the existence of that hole. No other witness testified to the existence of that hole.

On the other hand, Officer Apkin, whose duty was to check traffic on Dauphine street, between Canal to Iberville, from 10:30 A. M. to 6:30 P. M., and who passed upon that sidewalk from once to twice per hour never noticed any defect on the sidewalk; and never heard any complaint from anyone, not even from the newspaper dealer; his duty is also to report defective sidewalks.

Sergeant Hemard had charge of traffic from Iberville to Howard avenue; there was not a day that he did not stand in the alley leading to the back of Katz & Besthoff, waiting for his car on his way to dinner. This alley opens on Dauphine within 30 feet of the hole. Never noticed any hole in the sidewalk, nor did anyone speak to him about any. He would have reported it had he known of it.

Edward L. Chapotel is manager of Katz & Besthoff store at the corner of Canal and Dauphine.

The hole was on the Dauphine side of his building. No one had ever made any complaint to him about a hole. The first time he heard of it was after the accident and after this suit. A representative of the city of New Orleans called upon him to ask him whether he knew anything of the accident and he told him no; he walked out and "located a small hole"; he immediately had it filled up; it was the first time he had seen the hole or heard of it, although he had occasion to go upon the sidewalk in the management of the business; "anybody that would fall through there would have to rub their shoulders very close against the wall."

Philip Mouledons was sidewalk inspector on the date of the accident; it was his duty to investigate sidewalks and to hear complaints about them; no complaint was ever made to him about any defect in that sidewalk except after this suit.

Joseph Maes was a member of the police force; his beat included Dauphine street, between Canal and Iberville; went up and down Dauphine street often; never noticed any defect in the sidewalk; it was his duty to report any; none was reported to him.

James A. Gazan was a policeman; same beat as Officer Maes, only he was on duty

from 7 A. M. to 3 P. M.; he walked up and down the river side of Dauphine street from Canal to Iberville about five or six times every day; never noticed any hole nor was any complaint made to him; it was his duty to report holes in sidewalks.

Odom says the hole "was only a worn place in the sidewalk up near the building," and he never "thought to report anything like that."

Defendant's counsel's brief in Goodwyn vs. City of Shreveport, 134 La. 820 (824) 64 South. 762, is copied in the report; among other authorities quoted by it we cite one.

In speaking of an accident from a depression in a sidewalk 7 inches by 2½ feet across in the center of the sidewalk by a depression of 2½ inches, for which the city was sued, the court said:

"If the existence of such a defect is to be deemed evidence of negligence on the part of the city, then there is scarcely any street in any city that is reasonably safe within the rule, and when accidents occur the municipality must be treated practically as an insurer against accidents in the street. The law does not prescribe a measure of duty so impossible of fulfillment, or a rule of liability so unjust and severe. It imposes upon municipal corporations the duty of guarding against such dangers as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care. But when an accident happens by reason of some slight defect from which danger was not reasonably to be anticipated, and which according to common experience was not likely to happen, it is not chargeable with negligence."

It is therefore ordered that the judgment herein be reversed and set aside, and it is now ordered that there be judgment in favor of defendant rejecting plaintiff's demand at her cost in both courts.

Judgment reversed.