No. 10,310.
Orleans

C. A. MINOR v. CITY OF NEW OR-
LEANS, Appellant.

---

(January 4, 1926.  Opinion and Decree.)
(January 18, 1926.  Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana    Digest—Municipalities—Par. 260.**
Where a municipality or its parking commission is not shown to have had actual or constructive knowledge as to the dangerous condition of a tree growing on a sidewalk and having protruding branch overhanging a driveway so as to cause damage to a motor vehicle passing under or near the tree, there is no legal liability justifying recovery.
(Civil Code, Art. 2315.  Editor's note.)

Appeal from the First City Court, Section "B", Hon. Val J. Stentz, Judge.

This is a suit for damage to an automobile and injury to the minor son of plaintiff arising from a collision of the automobile with a protruding branch of a tree.  There was judgment for plaintiff and defendant appealed.  Judgment reversed.

W. E. Westerman of New Orleans, attorney for plaintiff, appellee.

T. Simmes Walmsley of New Orleans, attorney for defendant, appellant.

BELL, J.  Plaintiff sues the City of New Orleans for damage to his automobile and injury to his minor son arising from a collision of the automobile with a projecting branch of a tree which had been planted on the sidewalk for about ten years.  The branch, some 8 feet high from the ground, overhung the public driveway at the place of accident.  The facts of the case are not disputed, and we do not find that plaintiff's son, as driver of the car, was guilty of the contributory negligence with which he was charged by defendant.  The evidence does not indicate that there was any extraordinary or distorted growth of the tree which rendered it patently dangerous.

The City's principal defense is that it had no actual or constructive knowledge concerning the dangerous condition of the tree, if such existed.

Our appreciation of the case is that it involves only a question of law as to the liability of a municipality, through its Parking Commission, in an action ex de-

licto under such facts as are here presented.

This Court in the recent case of Wiltz vs. the City of New Orleans, 2 La. App. 444, decided, in reversing the trial court which had awarded damages to a pedestrian who had stepped into a depression on a city sidewalk, that there being no evidence of the City's knowledge, either actual or constructive, as to the defective sidewalk, there was no liability. Nothing can be added to throw further light on this principle of law than is found in the authorities cited by this Court in the Wiltz case. A like ruling was made in the case of James vs. City of New Orleans, No. 8050 Orl. App., where the plaintiff suffered injuries somewhat similar to those in the Wiltz case. In both of these cases applications for writs of certiorari were made and denied, the Supreme Court holding that the decisions were correct.

Upon the foregoing authorities, we are of the opinion that the judgment appealed from should be reversed, and it is so ordered.