## SUTHON v. CITY OF HOUMA.
### No. 1103.

Court of Appeal of Louisiana. First Circuit.
March 7, 1933.

A. M. Suthon, of New Orleans, and A. J. Daigle, of Houma, for appellant.

Wurzlow & Watkins, of Houma, for appellee.

LE BLANC, Judge.

Plaintiff appeals from a judgment dismissing her suit on an exception of no cause of action. Her claim is one for damages arising out of an injury suffered by her as a result of a fall when she struck her right foot against a concrete ledge which rose in an uneven way above the level surface of the sidewalk on the lower or south side of Main street in the city of Houma, and fell violently, face forward, to the sidewalk. She charges the city with fault, negligence, and want of care in failing to keep the sidewalk at that point in proper repair and safe for pedestrians, after having actual and constructive notice of the defective condition.

Miss Suthon avers, in her petition, that the accident occurred on or about March 4, 1931, at about 6:30 in the evening. She describes the condition in the sidewalk as being caused by the fact that, of two adjacent blocks of concrete, either one had been pushed up or else the other had sunk, so that the one was higher than the other; "this unevenness," to quote the language used, "amounting to little, if anything, on the street side of the sidewalk but on the other side near the property line (the place where she tripped) amounting to a difference of some two or three inches."

The direct issue presented concerns the liability of a municipal corporation for failure to maintain its sidewalks in safe and proper condition.

Dillon, noted authority on Municipal Corporations, as well as Abbott and Elliott, other well-recognized authorities on the same subject, all hold that the municipality is not an insurer against accidents on sidewalks. 4 Dillon, § 1711; 3 Abbott, § 1001; Elliott, § 739. Its duty extends only to keeping the sidewalks in a reasonably safe condition for persons exercising ordinary care, and this duty has been so limited by the courts of this

state. Goodwyn v. City of Shreveport, 134 La. 820, 64 So. 762; Peetz v. Railroad Co., 42 La. Ann. 541, 7 So. 688; Wiltz v. City of New Orleans, 2 La. App. 444; Collins v. Lyons et al., 9 La. App. 737, 120 So. 418. This court recognized the same limitation with regard to the municipality's duty in the case of Varnado v. City of Baton Rouge et al., 5 La. App. 238, in which it is stated that "a sidewalk, reasonably safe for persons walking with ordinary care and prudence is all that is required."

■ With these considerations before us, what do we find to be the facts as disclosed by the plaintiff's petition in this case? Miss Suthon alleges that she was born in the year 1855, which would have made her 76 years old at the time of her accident. Whilst she may be said to have been of an advanced age, she nevertheless, according to her own allegations, "was able-bodied and active." She was a person therefore fully capable of exercising ordinary care and prudence, and, because of her age, it might reasonably be assumed that she was perhaps a bit more careful and cautious than the average person who treads the sidewalks of our cities. From her own description of the spot at which she fell, it is easy to visualize a condition which exists, we dare say, in practically every city, regardless of its size, in this country to-day. There was an inequality or unevenness in the surface of the sidewalk caused by one concrete block having sunk or its neighbor having risen above the surface level. The sinking or the rising came no doubt as a result of some natural cause, such as soil erosion in the one case or underground root growth in the other. As remarked by the learned district judge, the process must have been slow and gradual and hardly noticeable by any one. The unevenness, as described in the petition, amounted to very little if anything on one side, and made a difference of some two or three inches on the other. Therefore the very most that Miss Suthon could prove, under her allegations, is that there was either a depression or a rising in the sidewalk making a difference of three inches in the surface level. Inequalities in the level of sidewalks, greater then the one here described, have been held, in some of the cases cited supra, not to constitute such a dangerous condition as to hold a municipality liable in tort for failure to correct it. In the case of Collins v. Lyons et al., 9 La. App. 736, 120 So. 418, 419, the court held that a hole about four feet wide, four feet long, and four inches deep, "may be said to have been unsafe in a sense," but it "was nevertheless reasonably safe, and that is all that the law requires." The condition in this case, as appears from the plaintiff's own allegations, seems trivial in comparison. From Ruling Case Law, vol. 13, p. 399, par. 326, we quote the following:

"But a municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to mere convenient travel, and slight inequalities or depressions or differences in grade, or a slight deviation from the original level of a walk due to the action of frost in the winter or spring,. and other immaterial obstructions, or trivial defects which are not naturally dangerous, will not make a municipality liable for injuries occasioned thereby. The fact that the surface of a walk may have become uneven from use, or that bricks therein may have become loose or displaced by the action of the elements, so that persons are liable to stumble or be otherwise inconvenienced in passing, does not necessarily involve the municipality in liability, so long as the defect can be readily discovered and easily avoided by persons exercising due care, or provided the defect be of such a nature as not of itself to be dangerous to persons so using the walk."

A careful consideration of the averments of her petition, leads to the inference that Miss Suthon must have been familiar with the sidewalks in this particular section of the city of Houma and perhaps not altogether unfamiliar with the very spot she complains of. Granting, however, that she was not, the defect was not of such nature as to make the condition dangerous. The sidewalk was reasonably safe for pedestrians using ordinary care and prudence, and that is all that was required under the law.

■ Counsel for Miss Suthon stresses the point that the accident happened at 6:30 p. m., on the 4th day of March, when visibility is poor, and therefore the situation of danger was more aggravated than it would have been in broad daylight. In support of the difference he contends for because of the time of day at which the accident happened, he refers us to the case of Goodwyn v. City of Shreveport, supra, wherein the court, in reciting the facts of the case, states that it was "in broad daylight" when the plaintiff's foot struck against an inequality in the sidewalk and she fell and was injured. But we do not understand that the degree of visibility served in any way as a basis for the decision in that case. However, in the case before us, the pertinent allegation of the petition in connection with this point is "that at said time, on said date, while not yet dark, it was dusk and darkness was beginning to gather." Thus we have the plaintiff's own word for it, because her petition is verified by herself, that it was not yet dark, but that darkness was only beginning to gather. Counsel is attempting to draw too fine a distinction. We do not believe that a condition in a sidewalk which is not dangerous in the daytime suddenly becomes so at dusk when darkness is only beginning to gather. We note, moreover,

in some of the cases herein cited, that the accident happened at night and nevertheless the municipality was relieved of liability.

A close and careful consideration of the petition and all the facts which it discloses has led us to the same conclusion as reached by the district judge who maintained the exception of no cause of action, and the judgment is therefore affirmed.