A fall was experienced by plaintiff, Mrs. Euphrasia McGurk, during the afternoon of April 21, 1938, while she was walking along the south sidewalk, in the 1000 Block, of Highland Avenue in Shreveport, Louisiana.
In her pleadings of this suit, which was brought for the purpose of recovering damages for the injuries sustained and expenses incurred, plaintiff alleges that the fall was occasioned by her stumbling over a "superelevation" existing in the sidewalk. Impleaded as defendants were the City of Shreveport and Wesley E. Compere, the latter being the owner of the property abutting said passageway, against both of whom the charge is made that they were negligent in permitting the walk to remain in its allegedly unsafe and defective condition.
An exception of no cause of action filed by defendant Compere was sustained by the district court and the suit as against him was dismissed. This decision, on plaintiff's appeal, was approved by us. 191 So. 553.
Subsequently, the City of Shreveport filed an answer denying negligence and liability, and pleading contributory negligence on plaintiff's part.
There was judgment, following a trial of the merits, condemning the City of Shreveport to pay to plaintiff the sum of $750; and it appealed.
The sidewalk on which the fall occurred is of concrete construction, is approximately seven feet wide, and courses east and west. Abutting, and on its south side, is a commercial building which faces north and has three doorways entering into an equal number of store compartments, bearing municipal numbers 1011, 1013 and 1015.
The general slope of such walk is slightly and gradually downward from the building line to the street curb which adjoins its north edge, and said curb has a light fall from the west toward the east. However, at the time of the accident there existed a small ramp at the east edge of each of the three mentioned doorways, and was a part of the sidewalk, constructed for the purpose of taking care of the difference in grade between the compartment's level floor line and the sloping walk. The ramp had a maximum height of six inches, the highest part being at the doorway's east edge, and it sloped downward to the normal walk level, extending approximately ten inches toward the north, or in the direction of the curb, and the same distance easterly along the building line.
The described three elevations in the sidewalk were created many years ago when the abutting property owner widened Highland Avenue in front of his building to provide for vehicle parking at a forty-five degree angle; and the entire work was performed without permission being obtained from the municipal authorities.
The fall that plaintiff sustained took place in front of the premises known as Municipal No. 1015 Highland Avenue while she and a friend were walking together and engaged in conversation. The two ladies were en route to an establishment located east of that place for the purpose of viewing some birds, and plaintiff was occupying the building line side. It is questionable that she fell as a result of stumbling over the ramp located at the doorway of said premises, as she contends; because that elevated portion extended not more than ten inches from the building's line, and she testified that she was walking about one and one-half feet from the wall.
Assuming, however, that her fall was so occasioned, we are of the opinion that no negligence is attributable to the City of Shreveport on account of the described *Page 689 
condition that existed, and, consequently, it cannot be held liable in damages to plaintiff.
As plaintiff's counsel correctly states in his brief, sidewalks are intended for public use, and a pedestrian is entitled to assume that they are safe and is not expected to exercise the care that would be necessary in traversing a jungle. McCormack v. Robin et al., 126 La. 594, 52 So. 779, 139 Am.St.Rep. 549. All that is required of him is ordinary care, and this does not compel his constant observing the walk's surface. Weber v. Union Development Construction Company, Ltd.,118 La. 77, 42 So. 652, 12 Ann.Cas. 1012; Lemoine v. City of Alexandria,151 La. 562, 92 So. 58.
On the other hand a municipality is not an insurer of the safety of pedestrians. It must keep the sidewalks reasonably safe, but the maintaining of them in perfect condition is not necessary. To render it liable in damages, the defect complained of must be dangerous or calculated to cause injury. Wiltz v. City of New Orleans, 2 La.App. 444; Suthon v. City of Houma, La.App., 146 So. 515; Linxwiler v. City of Shreveport, La.App., 151 So. 81. Defects in sidewalks that are not in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence. Pepper v. Southern Bell Telephone 
Telegraph Company, Inc., et al., 18 La.App. 257, 137 So. 610; 43 Corpus Juris, verbo Municipal Corporations, § 1793.
It is impossible to announce a rule of measurement for determining what is a defect or obstruction in or on a sidewalk that will constitute negligence on the part of a municipality and thereby render it liable. The facts of each particular case control the solution of the problem presented. McQuillin on Municipal Corporations Section 2973. The test usually applied requires an answer to the question of whether or not the walk is maintained in a reasonably safe condition for persons exercising ordinary care and prudence. Peetz v. St. Charles Street Railroad Company, 42 La.Ann. 541, 7 So. 688; Goodwyn v. City of Shreveport, 134 La. 820, 64 So. 762; and the cases cited supra.
If the condition of the sidewalk under consideration, and above described, can be classed as a defect, it was, in our opinion, neither in the nature of a trap nor one from which danger could reasonably be anticipated. It is true that the ramp, of which complaint is made, contained a rather steep slope in comparison with the remainder of the walk; but this elevated portion lay next and close to the wall and was easily observable. Furthermore, no blunt edges were present, for the mentioned decline flattened into the normal slope.
At a point five inches from the building's front wall, considering that one could not possibly walk closer thereto, the elevation did not exceed three inches. This calculation is based on the ramp's maximum height of six inches, which was at the wall, and its extension toward the curb of not more than ten inches. Ordinarily, walking would occur farther than five inches from the building line, in which event the pedestrian would encounter a lesser elevation or none at all.
Consequently, it is our holding that the sidewalk was reasonably safe for persons exercising ordinary care and prudence.
There is evidence in the record tending to show that two other persons had fallen and several more had stumbled at the location in question during and following the year 1926. But no report of the claimed defect, which existed for a period of more than twelve years, was made to the city authorities until after plaintiff experienced her fall. This would seem to indicate, particularly in view of the fact that the walk was extensively employed, that the condition was not of such magnitude as to be likely to cause injury to persons using the passageway with due care. Undoubtedly previous complaints would have been registered had the ramp been obviously dangerous.
The judgment, therefore, is reversed and set aside, the demands of plaintiff are rejected, and the suit is dismissed at her cost. *Page 690