The City of Alexandria, Louisiana, has brought this appeal from a judgment awarding plaintiff $600 damages for injuries sustained when plaintiff tripped and stumbled against a raised portion of the sidewalk in the 1000 block of Ninth Street in that city.
Plaintiff alleged that at the point where the accident occurred, one square of the sidewalk was several inches higher than the adjacent square; that the accident occurred in darkness; that there was poor illumination so that she did not see the condition of the walk and stumped her right toe against the raised portion, causing her to fall. She further alleged that the walk was in a thickly populated section of the city; that the unsafe condition had existed for many months and the defendant or its agents either knew, or should have known, of the defect; that she knew not of the dangerous condition of the sidewalk and was using more than ordinary care and prudence at the time of her injury. She prayed for damages totaling $18,050.
The City answered, admitting that the difference in level existed, but averred that the sidewalk at the place in question was "reasonably safe for persons exercising ordinary care" and set forth that such difference in levels of sidewalks is a matter of common knowledge in Alexandria and in other cities; that the city could not be expected to maintain its sidewalks free from every inequality. In the alternative, the city pleaded that the plaintiff knew or should have known of the condition; that she could and should have seen where she was walking and, had she used ordinary care, she would not have tripped and fallen and that her contributory negligence was a legal bar to her recovery.
The record sustains the finding of fact made by the learned District Judge in his written opinion.
Plaintiff stumbled over a raised or jutted portion of the sidewalk about two inches high. This condition had existed for several years. Plaintiff did not habitually use this street. It was after dusk. The accident occurred about mid-way of the block and illumination from neither of the corner lights was good.
[1-3] In the case of Lemoine v. City of Alexandria,151 La. 562, 92 So. 58, 59, the Supreme Court of Louisiana — citing Louisiana cases and other authorities there detailed — set forth the following doctrines applicable to the case before us. We quote below from that decision:
"Municipal corporations owe it to the public to keep the sidewalks in such a condition that pedestrians who are ordinarily careful will not be exposed to injury. The right of the citizen to recover damages for injuries sustained by reason of the failure of the municipal corporation to discharge the mandatory duty thus imposed on it is beyond question."
"All that is required of a pedestrian upon a street or sidewalk is ordinary care, and this does not necessitate his looking constantly where he is going. He has the right to assume that the roadway is safe for travel."
"The general rule applicable to cases of this character is that persons lawfully making use of the streets and sidewalks within the limits of municipal corporations have the right to assume that they are safe, and that, where one sustains injury by reason of the unsafe condition of such thoroughfares, the burden to show that he contributed to such injury by his own negligence rests upon the corporation." *Page 812 
This Court in the cases of Holbrook v. City of Monroe, La. App., 157 So. 566, and Robinson v. City of Alexandria, La. App., 174 So. 681, followed the law as above set forth by the Supreme Court in the Lemoine case.
[4] In the case before us, we find that the sidewalk was in a condition dangerous for pedestrian travel, particularly at night. As stated by the District Judge in his written opinion, it is true that the concrete slab at the point was only two inches higher than the adjacent slab, but as was noted in the Robinson case, supra, where there was only a 1 1/2 inch difference, such a condition furnishes "a perfect setting for one to hang her toe under and cause her to fall."
[5, 6] The defect had existed for several years. Although there was no proof that the city had actual knowledge of the defect, they are bound by the doctrine of constructive notice which was set forth by this Court in the Robinson case, supra, namely, that if a defective condition exists for such a period of time that the municipal authorities by the exercise of ordinary care and diligence should have known of its existence, notice of same will be imputed.
[7] The District Judge correctly found that plaintiff in this case was exercising ordinary care. The defendant has not met the burden of showing that any negligence on her part contributed to her injury.
Able counsel for defendant corporation has cited Louisiana cases in which recovery was denied to persons injuring themselves as a result of sidewalk inequalities. Our examination of these cases show that most of them contain special circumstances not present in the case before us. For instance, in the first case cited by defendant (from our own Court), McGurk v. City of Shreveport, 2 So.2d 687, the facts, set forth in the opinion, show that the elevated portion (which caused the injury) lay next to and was close to the wall and flattened into the normal slope with no blunt edges present. In another case, Carsey v. City of New Orleans et al., 181 So. 819, the Court of Appeal of the First Circuit found that no evidence was offered to show that the alleged vice in the pavement had existed for a sufficient length of time for the city to be charged with constructive notice. In the case of Goodwyn v. City of Shreveport, 134 La. 820, 64 So. 762, cited by defendant's counsel, the opinion noted that the higher sidewalk did not end abruptly but sloped at an angle of 45 degrees toward the lower.
The cited cases of Brown v. City of New Orleans, 7 La. App. 611, and Suthon v. City of Houma, La. App., 146 So. 515, appear to be in conflict with the doctrine and holding of the Lemoine, Robinson and Holbrook cases. However, the greater weight of authority is with the plaintiff and in accordance with the finding of the District Judge.
The District Court awarded $600 in damages. Plaintiff has answered the appeal requesting an increase to $2500.
[8] Defendant has not made an issue of quantum in this Court. We believe that the award given was a fair one.
The judgment is affirmed, with costs.