(38 South. 566.)

No. 15,497.

LORENZ v. CITY OF NEW ORLEANS.

(May 8, 1905.)

**MUNICIPAL CORPORATIONS—DEFECTIVE STREET —NOTICE—INJURY TO INFANT—CONTRIBUTORY NEGLIGENCE—DAMAGES.**

1. Where a girl nine years old was injured by stepping into a small hole in a plank forming part of the cover of a fire well in a street intersection, and the evidence shows the existence of the hole and the rottenness of the plank for several weeks or months prior to the date of the accident, *held*, that notice of the defect would be imputed to the municipal authorities, on the principle that negligent ignorance is equivalent to actual knowledge.

2. Contributory negligence will not be imputed to a child nine years old merely because she knew that there was a hole of some kind in the covering of a fire well, and did not see or avoid the hole while running across the street in the twilight.

3. Where the hip of a girl, nine years old, was dislocated, and thereby permanently weakened, an award of $2,500 for pain, suffering, and injury is not manifestly excessive.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by William A. Lorenz, for the use of Lillian V. Lorenz, against the city of New Orleans. Judgment for plaintiff. Defendant appeals. Affirmed.

St. Clair Adams, Asst. City Atty., and Samuel Louis Gilmore, City Atty., for appellant. James Thomas Nix and Benjamin Rice Forman, for appellee.

LAND, J.. Plaintiff sued to recover $5,000 damages for injuries to his minor daughter, Lillian, on October 22, 1903, alleged to have been occasioned by her foot and leg going through the rotten and unsafe covering of a public fire well in the middle of the intersection of two streets of the city of New Orleans. Plaintiff also sued to recover $111.65 for damages to himself, resulting from loss of time and medical expenses. The petition charged that the city was negligent in not discovering the dangerous condition of said fire well, which could have been done by proper inspection, and in not repairing the defective covering, which formed a part of the public streets.

It was alleged that the hip of the child was dislocated, and her knee was twisted, crippling her, and causing great pain and suffering.

The city answered, pleading the general issue and contributory negligence.

The case was tried before the district judge without the intervention of a jury, and there was judgment in favor of plaintiff individually for $61.65 and in favor of the minor for $2,500. The city has appealed, and plaintiff has answered the appeal, praying that the judgment be amended by increasing the amount to $5,111.65. The child at the time of the accident was nine years old. She was running across the street at twilight, and when her foot struck the covering of the fire well it went through a hole in a rotten plank. Three witnesses state that the plank was rotten. Two of them testified that the hole had been in the plank for several months. Plaintiff testified that he saw the hole in the covering about two weeks before the accident, while driving along the street. No testimony in behalf of the city is found in the record.

The child's hip was dislocated, and she was under medical treatment for several months. For a time she suffered great pain. As to the permanency of the injury, the attending physician testified as follows:

"Well, a joint once dislocated is always much more liable to dislocation again. It remains a weak joint. You may be able to use it, but then the slightest jar or very small injury might get the same joint out of place again."

Another physician, who assisted in the reduction of the dislocation, testified that the injured hip would be more liable to dislocation than it was previous to the accident.

The plank covering of the well was even with the surface of the street, and formed part of the public highway. The hole in the rotten plank was about four inches wide.

The main defense of the city is that it had no notice of this defect in the street, that the existence of this small hole was not generally known in the neighborhood, and the circumstances were not such as to operate constructive notice to the municipal authorities.

The city charter makes it the mandatory duty of the municipal authorities to keep all streets, bridges, and crossings in repair, and places them under the charge and superintendence of the commissioner of public works, who is required to report their condition, from time to time, to the council. This officer and his subordinates are presumed to do their duty, and to keep themselves posted as to the condition of the streets and bridges under their supposed constant inspection and supervision. They had the means of knowledge, and ought to have known and remedied the defect. Dillon, Mun. Corp. 1025, and notes. The plank was rotten, and the hole produced by decay had been visible for several weeks, if not months. Boys lost balls in that hole, and some of them through it drew water from the well. The covering was repaired a few days after the accident. Two female witnesses for plaintiff had not noticed the hole previously. The city produced no witnesses.

If the covering had been inspected, the existence of the hole and the rottenness of the plank would have been discovered. Hence there was no inspection, or there was neglect to repair. Negligent ignorance is

equivalent to actual knowledge. It has been held that a city is bound to take notice of the decay of wooden sidewalks. Furnell v. St. Paul, 20 Minn. 17 (Gil. 101). The reason is stronger where the danger is greater, as in case of bridges and covered wells. We cannot accept the doctrine that a city can permit such structures to rot, and then avoid liability on the ground of want of actual notice of their dangerous condition.

We do not think that there is any good ground for the plea of contributory negligence, based on the facts that the child on the previous evening saw a boy drawing water from the well, and that she ran diagonally across the street, instead of using the regular crossing. A child must be judged as a child, and there is nothing to show that she knew that it was dangerous to cross the covering of the well. This doctrine had been applied to the case of a man driving a wagon in the street. Cline v. City, 43 La. Ann. 334, 9 South. 122, 26 Am. St. Rep. 187.

The city lastly complains that the amount of the damages is excessive. The evidence shows a permanent weakening of the hip joint, which renders the child more liable to similar dislocations in the future. As she must pass through life with this drawback, we are not prepared to say that the quantum of damages awarded is manifestly excessive. On the other hand, we see no good reason for increasing the amount.

Judgment affirmed.