No. 10,509
. Orleans

---

## BROWN v. CITY OF NEW ORLEANS

---

(December 12, 1927. Opinion and Decree.)

*(Syllabus by the Court)*

1. Louisiana Digest—Municipalities—Par. 256, 257.

Before a municipality can be held liable for damages caused by a fall claimed to be occasioned by a defect in the sidewalk, it must be shown that the defect was dangerous. A depression or subsidence of two inches in the pavement is not dangerous. The city must maintain reasonably safe streets and walks, not necessarily perfect.

Appeal from, Civil District Court, Division "A". Hon. Hugh C. Cage, Judge.

Action by Mrs. Archer Brown against City of New Orleans.

There was judgment for defendant and the plaintiff appealed.

Judgment affirmed.

Woodville & Woodville, of New Orleans, attorneys for plaintiff, appellant.

H. B. Curtis, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This is a suit for damages, for personal injuries, alleged to have been occasioned by a fall, due to a depression in the pavement covering one of the city sidewalks.

It is conceded that at the point where plaintiff says she fell there was a difference of two inches in the elevation of the walk. This difference is shown to be due to the subsidence of the soil which in this locality is quite common, and cannot be guarded against by engineering skill. However, in this instance, the pavement rested partly on a concrete base, a bridge, and partly on the adjacent soil. This circumstance, it is claimed, accounts for the defect in the pavement.

Admitting that there was a defect and admitting that plaintiff's fall was due to that fact, an admission which concedes much to plaintiff, for she herself was unable, or unwilling, to say so, the city's liability is not established.

Actual or constructive knowledge is necessary in order to charge the city with responsibility. Actual knowledge is not claimed, but it is insisted that "negligent ignorance is equivalent to actual knowledge", Lorenz vs. City, 114 La. 802, 38 South. 566, and that the city had constructive knowledge. But in order to impute knowledge to the city, of a dangerous condition of the sidewalk there must, in fact, have existed a dangerous defect. The two-inch depression was not dangerous and neither actual or constructive knowledge could aggravate the defect. Sidewalks must be reasonably safe, not perfect nor foolproof. We discussed this question at length in Wiltz vs. City, 2 La. App. 444, where numerous citations are given. We can add nothing to what was there said.

The judgment appealed from is affirmed.