## MILLSTEAD v. CITY OF NEW ORLEANS.*

### No. 14175.

Court of Appeal of Louisiana. Orleans.

March 13, 1933.

Wm. A. Porteous, of New Orleans, for appellant.

Nat. W. Bond, City Atty., and Henry B. Curtis, Asst. City Atty., both of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, while riding in an automobile driven by her daughter and owned by the community existing between her husband and herself, was jolted from her position on the rear seat when the car struck a depression in the roadway. She fell to the floor and received most serious permanent injuries.

She seeks recovery from the city of New Orleans, alleging that the cause of her injuries was the defective condition of the surface of the street on which the car was being operated.

The defenses relied on are that the alleged defects did not render the roadway unsafe for persons using it with proper care and prudence, and that the city had no actual knowledge of the existence of the hole and cannot be charged with constructive knowledge thereof because there is no proof to show how long the depression had existed. It is contended that unless it be shown that a defect of the kind complained of here is in existence for a sufficient time to render it reasonable to expect municipality authorities to know of it, the municipality cannot be charged with constructive knowledge thereof.

In the district court there was judgment dismissing plaintiff's suit and she has appealed.

*Rehearing denied April 10, 1933. Writ of certiorari denied by Supreme Court May 1, 1933.

■ The evidence shows that the street on which the accident occurred was in a more or less rough and uneven condition, and that it would be almost impossible for an automobile driver to operate over it at a speed in excess of ten, or possibly fifteen, miles per hour. But a municipality is not negligent merely because it fails to furnish an asphalt or concrete surface to those desiring to use its streets. It need only provide roadways reasonably safe for automobile traffic.

In Ruling Case Law, vol. 13, § 289, p. 351, we find:

"A municipal or quasi municipal corporation is not responsible for every accident that may occur on its streets or highways, nor is it a guarantor of the safety of travelers thereon or an insurer against all injury which may result from obstructions or defects therein. Nor does it warrant that its streets shall be free from obstructions or defects or that they will be absolutely perfect and safe at all times."

In Barnes v. City of New Orleans, 4 La. App. 503, this court cited with approval many cases, holding that:

"The duty of municipal corporations is only to see that its sidewalks are reasonably safe for persons exercising ordinary care and prudence."

■ We think that the same doctrine should be applied to the surfaces of the streets themselves, and that a municipality owes to persons operating an automobile over a public street only the duty of seeing that the street is safe for those who use it with ordinary care and at speeds reasonably consistent with its apparent condition.

Due to a street car men's strike a main parallel thoroughfare had been barricaded by police, and automobile drivers had, for several days, been detoured from that main thoroughfare. In hundreds of cases, as the record shows, they had used the street on which this accident occurred and had, of necessity, passed over the very depression which is alleged to have caused the injury to Mrs. Lemon, plaintiff here, because that depression extended completely across the street.

■ ■ The district judge, in his reasons for judgment, said:

"What a reasonably safe sidewalk or street is, might in some instances be hard to determine, yet from the decisions it appears to me that an unsafe street or sidewalk is one which presents a hazard to each and every person using it, so that if a great majority of the people using a street or sidewalk do so without being injured, although in using the said street or sidewalk they are subjected to inconvenience, then that street or sidewalk would be held, under the decisions, to be reasonably safe."

He also said:

"Hundreds of automobiles, daily, for weeks prior to the accident and after the accident, passed without mishap over that street and that particular spot, hence the proof is conclusive, to my mind, that the street was reasonably safe."

We agree with him and, having examined the record and photographs, reach the conclusion that though the street was more or less rough and uneven and was in need of repairs, still it was reasonably safe for traffic and could have been negotiated by any automobile driver using reasonable care and prudence.

■ The fact that there were many other holes and depressions should have caused the driver of the car in which plaintiff was riding to moderate its speed. Of course, had she been on a paved highway on the surface of which no other depressions were manifest and had she, while driving at a speed justified by the apparent condition of the roadway, been confronted with an unexpected hole of the size of that involved here, the municipality would, no doubt, have been liable, assuming that it had knowledge or constructive knowledge of the defect. But in a roadway, such as plaintiff was traversing, and in which there were, as we have said, many other depressions similar to that which is here pointed out, the condition of the whole street was apparent and a speed consistent therewith should not have been exceeded. It thus follows that though fast speed was impossible, a reasonable rate of progress could have been maintained with safety. The municipality is not liable.

The judgment appealed from is affirmed.

Affirmed.