**CARSEY v. CITY OF NEW ORLEANS et al.**

No. 16952.

Court of Appeal of Louisiana. Orleans.

June 13, 1938.

Francis P. Burns and Henry B. Curtis, both of New Orleans, for appellant City of New Orleans.

Il E. Uzzo and James J. Landry, both of New Orleans, for appellee.

McCALEB, Judge.

On August 8, 1935, the plaintiff's minor son sustained personal injuries when he fell

upon the sidewalk adjacent to the property No. 5922 Catina St. in the City of New Orleans. Plaintiff, alleging that the accident was due to the defective condition of the pavement, brought this suit, individually and as legal representative of his child, against the City of New Orleans and George V. Farish, the abutting proprietor, seeking recovery of damages against them in solido.

Farish was dismissed from the proceeding on an exception of no cause of action and no appeal has been taken from that judgment.

The defense of the City of New Orleans is that the sidewalk was not unsafe for pedestrian travel and that, if it should be held that it was defective, it is nevertheless not liable because it has had neither actual nor constructive notice of the existence of the unsound condition.

After hearing on these issues, the district judge found in favor of the plaintiff and awarded him damages in the sum of $516.00. The City has appealed from the adverse decision.

The scene of the accident is Catina St., which is situated in that part of the City commonly known as Lakeview. The sidewalk, at the point where the accident occurred, was not level, due to a subsidence of the land which caused one of the concrete slabs to sink approximately 5½ inches lower than the one immediately adjacent thereto, over which plaintiff's son stumbled.

The question, therefore, is whether a sidewalk, which is found to be in the above described condition, is so obviously dangerous that the City is responsible to pedestrians injured by tripping over it even though it is without acual knowledge of the existence of the defect. We say "actual" knowledge because, although the plaintiff has alleged that the City had been notified of the imperfection, no evidence has been trendered by him to sustain this averment.

■ It is definitely settled in the jurisprudence, as found by us in Miller v. City of New Orleans, 152 So. 141, 142, where all of the pertinent authorities on this subject are cited and discussed, that a municipal corporation is not responsible for the defective condition of its sidewalks "unless it has had actual notice of the existence of the defect sufficiently in advance of the accident to have had opportunity to make the necessary repair, or unless the defect has existed for a sufficient time to render it proper to say that the municipality should

be charged with knowledge of its existence, or, to use the usual expression, has had constructive notice thereof."

■ In the instant case, the plaintiff has not only failed to prove actual knowledge on the part of the City but no evidence has been offered by him to show that the alleged vice in the pavement had been known to exist for a sufficient length of time to render it proper to say that the City should be charged with constructive notice of it. It is true that the boy's mother testified that she had previously tripped over the same portion of the sidewalk which caused his fall. But, as she did not specify the approximate date on which she stumbled, we are unable to discern how long the defect existed before the accident. Moreover, the fact that plaintiff's wife had prior knowledge of it is not sufficient of itself to exhibit negligence on the part of the City. See James v. City of New Orleans, La.App., 121 So. 879.

■ It is also to be borne in mind that, while the courts have permitted recovery against a municipality for injuries sustained because of defective streets or sidewalks (as an exception to the general rule that the sovereign is not responsible for the torts committed by it in the exercise of a governmental function), they have, nevertheless, imposed certain limitations upon the rights afforded to plaintiffs in these cases which are founded upon equitable principles. In other words, the courts have readily realized that it is impossible for a municipality to police each and every street within its confines with such vigilance as to detect all slight defects which might be brought about through conditions of the soil or by exterior forces and that it would be unjust to permit recovery except in cases where it has plainly neglected to perform the obligation required of it by law. Accordingly, in Beltz v. City of Yonkers, 148 N.Y. 67, 42 N.E. 401, from which we quoted with approval in the case of Wiltz v. City of New Orleans, 2 La.App. 444, the court, in speaking of an accident caused by a depression in a sidewalk 7 inches by 2½ feet across the center of the pavement by a depression of 2½ inches, said (page 402):

"If the existence of such a defect is to be deemed evidence of negligence on the part of a city, then there is scarcely any street in any city that is reasonably safe, within the rule, and when accidents occur the municipality must be treated, practically, as an insurer against accidents in its streets. The

law does not prescribe a measure of duty so impossible of fulfillment, or a rule of liability so unjust and severe. It imposes upon municipal corporations the duty of guarding against such dangers as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care. But when an accident happens by reason of some slight defect, from which danger was not reasonably to be anticipated, and which, according to common experience, was not likely to happen, it is not chargeable with negligence."

So we say that, here, the unevenness of the banquette, caused by soil erosion, resulting in a 5½ inch elevation of one of the concrete slabs, does not, in our opinion, create such a dangerous condition as to warrant a finding that the City was guilty of negligence in failing to repair it, particularly, in view of the fact that it did not have actual knowledge of its existence.. In truth, we can -see very little difference in principle between the facts of this case and those found in Wiltz v. City of New Orleans, supra, where the plaintiff stepped into a hole in the sidewalk about 14 inches wide and 4 to 6 inches deep.

For the reasons assigned, the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein for the defendant, dismissing plaintiff's suit at his cost.

Reversed.