On January 6, 1938, at about four o'clock in the afternoon, the plaintiff, Mrs. Eugenia R. Parker, an old lady 85 years of age, while attempting to walk from the uptown riverside sidewalk on South Carrollton Avenue across Apricot Street, stepped into a hole in the curbing abutting the street. In attempting to extricate her foot from the hole, she tripped over the metal binder or edging of the curbing, which was broken and dislodged from the concrete, and fell into the street sustaining personal injuries. Alleging that the accident was due to the defective condition of the sidewalk curbing on Apricot Street, plaintiff brought this suit against the City of New Orleans seeking recovery of damages for the injuries she received as a result of her fall.
The defense of the City of New Orleans is that the sidewalk curbing on Apricot Street was not dangerous and therefore it is not liable for the consequences of the accident. It further contends, alternatively, that, should it be found that the defect in the curbing was dangerous for a person exercising prudence and care, then it is not liable because it had neither actual nor constructive notice of the existence of the unsound condition of the curbing. It also maintains in the alternative that, should it *Page 124 
be found that the curbing was defective and that it had notice of the danger, it is nevertheless not responsible because the plaintiff was guilty of contributory negligence in failing to watch where she was walking and to take the necessary precautions in stepping from the sidewalk to the street and that, had she observed due care and caution in walking at the place and time alleged, she would not have suffered any injury whatsoever.
After a hearing in the district court on the foregoing issues, there was judgment in favor of the plaintiff awarding her damages in the sum of $1,000. The City has appealed from the adverse decision and the plaintiff, having answered the appeal, asks that we increase the award of the lower court.
The jurisprudence with respect to the liability of a municipality for injuries to pedestrians using its streets is well settled. See Wiltz v. City of New Orleans, 2 La.App. 444; Goodwyn v. City of Shreveport, 134 La. 820, 64 So. 762; Brown v. City of New Orleans, 7 La.App. 611; Collins v. Lyons et al., 9 La.App. 736, 120 So. 418; Millstead v. City of New Orleans, La.App., 146 So. 492; Carsey v. City of New Orleans, La.App., 181 So. 819; Ansley v. City of New Orleans, La.App., 168 So. 343; Suthon v. City of Houma, La.App., 146 So. 515; Lorenz v. City of New Orleans, 114 La. 802, 38 So. 566; and Miller v. City of New Orleans, La.App., 152 So. 141. These authorities establish the rule that, in order for a pedestrian to hold a municipality responsible for injuries occasioned by defects in its sidewalks, streets or highways, it must be shown (1) that the unsound condition complained of was patently or obviously dangerous to a reasonably careful and ordinarily prudent person and (2) that the municipality had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it. In other words, if the defect is slight, there can be no recovery and, even if it is patently dangerous, the municipality is not responsible unless it has had actual notice of it or unless the condition has been permitted to remain in its dangerous state for such a length of time as to warrant the conclusion that the municipality is negligent in failing to discover and correct it.
With these principles in mind, we approach a discussion of the facts of the instant case, which are not seriously disputed. The accident occurred on the uptown riverside sidewalk curbing of Apricot Street at its intersection with South Carrollton Avenue, a much used and busy thoroughfare of the City. On the corner where the curbing is situated is a drug store. On the other side of the street is a convalescent home and on the opposite corners of Carrollton Avenue are a Catholic seminary and a public school. The defect in the curbing, of which plaintiff complains, consisted of a break in the concrete portion of the curb itself which (according to photographs offered in evidence) appears to be approximately a foot long and several inches in depth. The photographs further exhibit that the metal binder or edge, which protects the concrete part of the curb, has been broken and that this metal edge, at the point where the hole in the curb exists, is bent down towards the street.
Plaintiff testified that, on the day of the accident, she was walking on South Carrollton Avenue with the intention of going to the convalescent home where she resides; that, when she stepped on the sidewalk curbing in crossing Apricot Street, her foot went down into a hole, which was covered with leaves; that, when she tried to extricate her foot, it caught in the metal binder which had been depressed and had become dislodged from the curb and that, as a result, she was thrown to the ground and sustained serious personal injuries. She further says that she had no previous knowledge of the defect in the curb and that the hole in the concrete was not visible by casual inspection because it was covered with fallen leaves.
In support of her testimony concerning the unsoundness of the curb, and, in order to show constructive notice on the part of the City, plaintiff produced one Lawrence Blanchard. This witness stated that, previous to and at the time of the accident, he was employed at Worner's Drug Store; that his duties consisted of serving automobiles patronizing the curb service offered by his employer; that he saw the plaintiff fall and that he assisted in picking her up. He further declared that the hole in the curb had existed for a period of approximately two months prior to the accident and that on two other occasions he had seen pedestrians trip and fall over the defective spot.
The City, apparently unable to contradict the testimony of the plaintiff and her witness, maintains that the district judge was nevertheless in error in permitting plaintiff *Page 125 
to recover on the evidence adduced and its counsel argue that it should be exonerated from responsibility for all or any one of the following reasons: (1) that the defect in the curbing was not patently dangerous; (2) that, even if it was, the City had neither actual nor constructive notice of its existence; and (3) that, at all events, plaintiff was guilty of contributory negligence. We shall discuss these propositions in their respective order.
The first contention, i.e., that the defect was not patently dangerous, must be rejected. The photographs introduced in evidence exhibit that the concrete top of the curb has been broken and has become disintegrated leaving a depression or hole of several inches and the metal strip protecting the curb is likewise broken and bent down. We regard the condition of the curb as dangerous and that it constitutes a hazard to pedestrians using reasonable care and diligence.
The next point advanced by the City is that it had neither actual nor constructive notice of the unsound condition of the sidewalk curbing prior to the accident. It is argued by counsel that, whereas plaintiff alleged that the Commissioner of Public Works of the City, his agents or employees, knew that the curbing was defective some three or four months before the accident, there has been no proof offered by her to sustain this allegation. While it is true that plaintiff has been unable to establish that the City had actual notice of the defect, there is testimony in the record exhibiting that the hazardous condition had been in existence for approximately two months prior to the accident and that two other persons had previously fallen as a consequence of the defect. This evidence, which has not been contradicted, is, we think, sufficient to charge the defendant with constructive notice of the danger.
In Lorenz v. City of New Orleans, supra, the Supreme Court recognized that actual knowledge of an obvious hazard in a sidewalk is not necessary in order to make the City responsible for injuries to a pedestrian. There, it appeared that a young child was injured by stepping into a small hole in a plank forming part of the covering of a fire well in a street intersection which had been allowed to remain in a rotten condition for several weeks prior to the accident. In holding that the City could not be excused from responsibility even though it had no actual notice of the unsound condition of the plank, the court said [114 La. 802, 38 So. 567]: "We cannot accept the doctrine that a city can permit such structures to rot, and then avoid liability on the ground of want of actual notice of their dangerous condition."
So, we say here that, since the unsound condition of the curb has been shown by plaintiff to have been in existence approximately two months prior to the accident, notice of the defect is imputable to the City and it must be held to be negligent in failing to discover it and to make the proper and necessary repairs.
The last and most important question raised by the City in this case is whether the plaintiff was guilty of contributory negligence in failing to observe the existence of the defect in the curbing. Counsel for the City, in arguing that, had Mrs. Parker been careful and alert, she would have noticed the condition of the curbing, rely upon our recent decision in Ansley v. City of New Orleans, supra, where we held that the plaintiff, in tripping over a broken metal curbing strip while stepping from the street onto the sidewalk, was guilty of contributory negligence in not noticing the defect which was obviously dangerous. On the other hand, plaintiff's counsel confidently depend upon our opinion in Miller v. City of New Orleans, supra, where we found that the plaintiff, in stepping from the curbing into the street at night and coming in contact with a broken metal strip or curbing binder, was not at fault in failing to observe the defect.
Let us therefore compare the facts in the cited cases with those here presented. At the outset, it is to observed that the accidents occurring to Miller, Mrs. Ansley and the plaintiff are similar in their nature, in that all of the injured persons tripped and fell over a defective sidewalk curbing. In reaching the conclusion in the Ansley case that the plaintiff was guilty of contributory negligence, we undertook to distinguish the facts of that matter from those in the Miller case, which had been previously decided by this court. The difference between the two cases was declared to be — (1) that the accident to Mrs. Ansley happened in the daytime, whereas in the Miller case it occurred at night; (2) that the broken binder was bent upwards or towards the eye of Mrs. Ansley, whereas in the Miller case the binder was not so readily visible because it was bent down towards the street; and (3) that, since Mrs. Ansley was *Page 126 
stepping up from the street upon the curbing, she should have exercised greater care to watch where she was stepping than was required of Miller who was stepping down from the curbing onto the street.
It will be seen from the foregoing that the facts and circumstances presented in the Miller case are strikingly parallel to those in the matter now under consideration with the exception that, here, the accident occurred in the daytime, whereas, in the Miller case, it happened at night. But aside from the time of the occurrence, we find an additional circumstance in this matter which we believe justifies the conclusion that Mrs. Parker was not guilty of contributory fault, for she testified at the trial that the defect in the curbing was covered with leaves so that she could not, by casual glance or inspection, detect it.
Contributory negligence is a special plea which imposes upon the defendant the burden of showing plaintiff's fault by a preponderance of proof. Of course, in cases of this kind, it is practically impossible for the City to show, except from the plaintiff's own testimony, that he or she did not exercise ordinary care and caution. And, in cases like the Ansley matter, where it appears obvious from the position of the hazard that the plaintiff should and could have been aware of it, recovery will be denied. Here, however, Mrs. Parker has explained that, due to the presence of the leaves, she did not see the defect. Her injury therefore was not attributable to her failure to exercise care but rather to her inability to discover the danger.
Counsel for the City maintain in oral argument that, if the hazard was not obvious to Mrs. Parker, the City should not be charged with notice of it. The answer to this proposition is that it was encumbent upon the City's inspectors to discover and repair the defect. We have not determined that the danger was hidden or latent. On the contrary, we have found that it was patent and obvious. But we also find that Mrs. Parker was not negligent in not discovering it by a casual glance (which was all that was required of her) because of the presence of the leaves in the hole which shielded it from her view in the position from which she approached it.
Mrs. Parker has answered the appeal and she requests that we increase the $1,000 award of the district court in her favor to the amount of $5,150 as prayed for in her original petition. The injuries she sustained in the accident are described by her physician, Dr. Leidenheimer, to be contusions of the shoulder, with probable fracture of the head of the humerus, contusions of the arm and bruises of the left ankle and leg. No X-ray was taken by plaintiff's doctor to determine whether or not the fracture he speaks of actually existed. The evidence further shows that, since the unfortunate accident, Mrs. Parker has endured great pain; that she is weak and that she has not the same agility she enjoyed prior to the occurrence.
Notwithstanding all of this, we are confronted with the fact that her main injuries consist of contusions and bruises and we feel that the district judge took into consideration her extreme suffering and her advanced age in permitting a recovery of $1,000. On the whole, we think that the allowance is neither excessive nor inadequate.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.