TALIAFERRO, Judge.
Plaintiff, encumbered by babe in arms, while walking on Cornell Street in the Town of Winnsboro, Louisiana, in the daytime, lost balance and fell. She sustained serious injuries and sued the town to recover a large amount in damages. She lost the case below and appealed to this Court.
For a cause of action, plaintiff alleged that she was walking along the sidewalk of said street, toward the main street of the town, and decided to cross the street, and “petitioner went to step off of the sidewalk into the street, and stepped m a large hole, which she did not know was there;” that “the failure on the part of the Town of Winnsboro to properly take cafe of the street on which your petitioner was injured was a careless, wrongful act, and gross negligence on their part; * * * that said crack or (hole in said street was a defect and dangerous condition”, etc.
It is not alleged that the officers, agents or employees of said town had notice of the existence of the alleged defective condition of the street, actual or constructive, nor the length of time said defect had existed.
Defendant excepted to the petition as not disclosing a right or cause of action. The exceptions were overruled. They are not urged here. Casual consideration of them, in the light of the allegations of the petition, does not leave us with the impression that they are without merit, but, since the case was tried on the merits, we shall direct our attention and consideration only to that phase of it.
Defendant denied all of the essential ' allegations of the petition. In the alternative, the suit is resisted on the grounds •that plaintiff’s own contributory negligence brought about her fall and consequent injuries, and, as a predicate for this plea, it is alleged that she was familiar with the physical conditions of the street at and about the locus of the accident, having often walked and driven over the same; that she was walking up the side of the street where there is no sidewalk at all, whereas on the opposite side of the street there was available to her a concrete sidewalk which was used by pedestrians going toward the main street of the town.
Plaintiff’s own testimony flatly contradicts the allegations of her petition on a very material point in the case. She denies positively that her fall was due to her stepping in a hole in the street. She says there was a hole in the street near the locus of the fall, but she timely saw and stepped over it. She says she fell when a substance “crumbled” under her foot.
Our understanding of the physical structure of the surface of the street is that the center thereof is surfaced with what is commonly referred to as “blacktop”, — an asphaltic preparation, along both sides of which there has been laid a strip of gravel of unproven width. There was no sidewalk on the side of the street upon which plaintiff was traveling, but there was a paved one on the opposite side. At the point where plaintiff stepped from the path she was traveling, an alley, at right angles, crosses the street. She obviously desired to go across the street and continue her journey upon the paved walkway.
The fall of plaintiff was witnessed by a man not far away. He rushed to her assistance. She was then sitting upon the edge of the blacktop with one foot and *627 lower leg beneath her. The other foot was resting upon the gravel. At this point due to washing and traffic, the gravel is about two inches lower than the edge of the blacktop, the edges of which are somewhat uneven.
In- addition to her own testimony, it is otherwise abundantly established that there was no hole or deep wash in the gravel or blacktop that played any part in the accident. Her own testimony leaves in doubt exactly why she fell. She evidently lost balance for some reason and in the effort to regain it, and at same time protect her baby, the fall was completed.
If plaintiff is correct in believing something “crumbled” beneath one foot, this could only have been the edge of the blacktop under pressure of her weight. Granting this to be true, surely no negligence therefor should be ascribed to the town. Breaks from the edges of this sort of paving do happen frequently from weight being upon it, and at points not indicative of weakness or deterioration. The weather, usual and ordinary wear and tear, serve to weaken and make brittle such substance. It would be so absurd as to almost approach the ridiculous to adopt a law that would obligate a city, town or village to regularly, at short intervals, inspect such street surfacing if it would absolve itself from possible exposure to damages in a case of the kind before us.
Plaintiff did not fall upon a sidewalk or path used as such. She was in the street proper which is not primarily designed for pedestrian use. Those who do walk upon the street proper, not availing themselves of safe sidewalks, are not warranted in assuming that the surface thereof will be maintained in the same physical condition as is required with respect to sidewalks.
 Plaintiff lives near the Town of Winnsboro and knew well the general con-. dition of the street’s surface. It was daylight. The weather was favorable. It developed upon her to exercise a high degree of care and caution while trying to cross the street at a point not customarily used for so doing. She evidently did not do this. Had she done so, it is reasonable to believe the accident would not have occurred. With baby in arms, the duty to be careful was thereby enhanced. She admits that when she lost balance she was not looking “directly” where she was stepping.
In the case of Parker v. City of New Orleans, La.App., 1 So.2d 123, 124, Judge McCaleb, now a member of the Supreme Court of this State, had occasion to discuss and consider the duties of municipalities with respect to the upkeep and maintenance of their sidewalks, streets and highways, and cited therein an array of cases that support the conclusions reached, in view of the facts of the case. He well expressed the legal principles pertinent to the liability of such subdivisions, arising from defects in the surface of their streets, sidewalks and highways. He said: “The jurisprudence with respect to the liability of a municipality for injuries to pedestrians using its streets is well settled. See Wiltz v. City of New Orleans, 2 La.App. 444; Goodwyn v. City of Shreveport, 134 La. 820, 64 So. 762; Brown v. City of New Orleans, 7 La.App. 611; Collins v. Lyons et al., 9 La.App. 736, 120 So. 418; Millstead v. City of New Orleans, La.App., 146 So. 492; Carsey v. City of New Orleans, La.App., 181 So. 819; Ansley v. City of New Orleans, La.App., 168 So. 343; Suthon v. City of Houma, La.App., 146 So. 515; Lorenz v. City of New Orleans, 114 La. 802, 38 So. 566; and Miller v. City of New Orleans, La.App., 152 So. 141. These authorities establish the rule that, in order for a pedestrian to hold a municipality responsible for injuries occasioned by defects in its sidewalks, streets or highways, it must be shown (1) that the unsound condition complained of was patently or obviously dangerous to a reasonably careful and ordinarily prudent person and (2) that the municipality had notice, either actual or constructive, 'of the existence of the defect and failed within a reasonable time to correct it. In other words, if the defect is slight, there can be no recovery and, even if it is patently dangerous, the municipality is not responsible unless it has had actual notice of it or unless the condition has been permitted to remain in *628 its dangerous state for such á length of time as to warrant the conclusion that the municipality is negligent in failing to discover and correct it.”
We are clear in the' opinion that the lower court did not err in rejecting plaintiff’s demand. And, for the reasons assigned herein, 'the judgment from which appealed, is affirmed with costs.