154 So.2d 579 (1963)
Golbert DUPRE, Plaintiff and Appellee,
v.
LOUISIANA DEPARTMENT OF HIGHWAYS, Defendant and Appellant.
No. 857.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1963.
D. Ross Banister, Philip K. Jones, Norman L. Sisson, George W. Lester, William J. Doran, Jr., by William J. Doran, Jr., Baton Rouge, for defendant-appellant.
Fusilier, Pucheu & Soileau, by A. Gaynor Soileau and L. O. Fusilier, Ville Platte, for plaintiff-appellee.
Before TATE, SAVOY and HOOD, JJ.
HOOD, Judge.
This is a suit for damages instituted by Golbert Dupre against the Louisiana Department of Highways arising out of a motor vehicle accident allegedly caused by a defect or a hole in a State highway on which plaintiff was traveling at the time of the accident. After trial on the merits, judgment was rendered by the trial court in favor of plaintiff, and defendant has appealed.
The accident occurred at about 2:00 p.m. on April 10, 1959, on Louisiana Highway #10, in St. Landry Parish. The highway *580 at that point was blacktopped, but the evidence shows that for several miles in that area there were numerous holes in the hard-surfaced portion of the highway, and that the road was rough and was in a general state of disrepair. At the time of the accident the weather was clear and visibility was good. Plaintiff contends that while driving a pickup truck over this highway the wheels of the truck struck one of these holes, causing him to lose control of the vehicle and resulting in its overturning.
Plaintiff testified that he had hauled fish for his brother over this highway for a period of about two months immediately prior to this accident, that during that time he had driven over this relatively short stretch of road at least once or twice a week, that he was thoroughly familiar with the condition of the road and that he knew that "it had holes all the way long." He stated that because of these holes in the highway he customarily drove at a slow rate of speed, in some places not over 20 miles per hour, and that he endeavored to dodge the holes. At the time this accident occurred, however, plaintiff states that he was driving at a speed of 40 miles per hour, and he assigns as a reason for driving at this greater rate of speed that the highway was better at that particular place. Although he asserts that the highway was better there, he further states that he hit "some little holes" before he hit the one which allegedly caused the accident, that striking these little holes caused his front wheels to bounce and "then thats when I hit that deep hole." He further states that he did not notice that it was a deep hole until he got right on it. He described the hole which caused him to lose control of his truck as being about 6 or 8 inches deep.
The trial judge concluded that the "sole and proximate cause of this accident is a somewhat small but deep hole in the highway," that in the court's opinion this particular hole could not be seen until the plaintiff was so close to it that it was impossible for him to avoid hitting it, and that plaintiff was free from contributory negligence.
The law of this State is settled to the effect that the Department of Highways is not responsible for every accident which may occur on State highways, nor is it a guarantor of the safety of travelers thereon, or an insurer against all injury which may result from obstructions or defects in such highways. The duty of the Department of Highways is only to see that State highways are reasonably safe for persons exercising ordinary care and reasonable prudence. The Department, however, is liable for damages caused by defects in a highway which are sufficiently dangerous to cause an accident and an injury to a person using the highway in a reasonably prudent manner, if the Department has actual or constructive notice of the defect. Millstead v. City of New Orleans, La.App.Orl., 146 So. 493; Arceneaux v. Louisiana Highway Commission, La.App.Orl., 15 So.2d 638; Malveaux v. Buller, La.App. 3 Cir., 135 So.2d 368; Marshall v. City of Baton Rouge, La.App. 1 Cir., 32 So.2d 469; Carriere v. Aetna Casualty Company, La.App. 4 Cir., 146 So.2d 451. See also 60 C.J.S. Motor Vehicles § 182.
In the Arceneaux case, supra, plaintiff was not permitted to recover when his car struck a hole in the highway 18 inches wide and 14 inches deep, the court holding that plaintiff's employee-driver was contributorily negligent in failing to see the hole in time to avoid the accident. In Millstead v. City of New Orleans, supra, plaintiff was injured when the car in which she was riding as a passenger struck a depression in the roadway. The evidence showed that the road at that point was so rough and uneven that it was impossible for an automobile to be driven safely at a speed in excess of 10 or 15 miles per hour. Yet, the court held that the City was not required to warrant its streets to be free from defects, that the condition of the road was apparent to the driver, and accordingly, that the City was free from negligence. In Malveaux v. Buller, supra, we held that the driver of a motor vehicle was negligent in attempting to traverse a wooden bridge at *581 an excessive rate of speed. The evidence showed that the driver was familiar with the poor condition of the bridge, and he should have known that it was necessary to reduce his speed in order to cross it safely. We think the facts and circumstances in the instant suit are less favorable to the plaintiff than were the facts in any of the cases just discussed.
In this case plaintiff was thoroughly familiar with the poor condition of the highway. He testified that "the road was bad," that "it had holes all the way long," and that prior to the accident he had had difficulty in "trying to dodge the holes." He does not allege or contend that the particular hole which he says caused the accident was of recent origin. On the contrary, his counsel contends in oral argument that this particular hole had existed for at least two months prior to the date of the accident. Under these circumstances, we think plaintiff clearly was negligent in driving at a rate of speed which obviously was too fast to permit him to dodge the holes which he knew were there or to keep his truck under control in the event he struck one of such holes. His negligence in that respect, we think, was a proximate and contributing cause of the accident. We conclude, therefore, that the trial judge erred in failing to hold that plaintiff was chargeable with contributory negligence, barring him from recovery in this case.
In view of our conclusion that plaintiff is barred from recovery because of contributory negligence, it is not necessary for us to consider the question of whether the defendant Department of Highways was negligent in failing to maintain the highway in a reasonably safe condition.
For the reasons herein set out, the judgment appealed from is reversed and judgment is hereby rendered in favor of defendant and against plaintiff, dismissing this suit at plaintiff's costs. All costs of this appeal are assessed to plaintiff-appellee.
Reversed.