FRED S. BOWES, Judge Pro Tern.
Plaintiff appeals a judgment of the trial court dismissing his action for damages on behalf of his minor son. We affirm.
Plaintiff alleged in his petition that on May 5, 1983, Mrs. Mildred Rougeou drove her son John to school, over Mudge Road in Rapides Parish, at approximately 7:30 a.m.; that during the day employees of the Rap-ides Parish Police Jury removed cattle guards from the road, leaving the road with a 6 to 8 inch hole; and that, upon returning from school with her son that afternoon, Mrs. Rougeou hit the hole in the road and applied her brakes, causing John to be thrown forward to the windshield. As a result, John sustained neck and back injuries.
Defendant Rapides Parish Police Jury, which is responsible for maintaining the road, claimed at trial that on May 4, 1983, the day before the accident, the cattle guard had been removed and the holes filled in immediately. Therefore, defendant avers there was no defect or hole in the road.
The trial judge made the following finding:
Considering all of the evidence, the Court is of the opinion that plaintiff has failed to establish his claim by preponderance of the evidence. The Court feels that when Mrs. Rougeou approached the site in question she became startled and *779 applied her brakes abruptly, which caused John to be thrown into the dash of the car. Fortunately his injuries were minor.
Even if plaintiffs version of the facts is correct, plaintiff still would not be entitled to recover. The irregularity in the road was clearly visible, and Mrs. Rougeou should have seen it in time to slow down and avoid the alleged accident. Furthermore, there is jurisprudence to the effect that this type of irregularity did not create an unreasonable risk of harm. See Duffy v. State, Dept. of Transp., Etc., 415 So.2d 375 (La.App. 1 Cir.1982) and Burris v. Insured Lloyds, 417 So.2d 511 (La.App. 3 Cir. 1982).
At trial, Dallas Lewis, who was the foreman of the crew which performed the repairs, produced a work order which showed that the job was scheduled for May 4. Mr. Lewis was certain that the date of the work order was the date of repair. On that day, the crew went out and removed the cattle guard, immediately filling in the road. After dumping the dirt, a “Grade-all” spread the dirt, pounded it down and packed it. Then the area was leveled before the crew left the site. Other employees of the Police Jury testified that after a cattle gap was removed, it was never the practice of the crew to leave the site until the holes were filled in.
Plaintiff produced several witnesses who claimed that the road was not filled in at the time that the guard was removed. However, the witnesses could not relate the alleged condition of the road to the date of the accident.
Plaintiff also produced a witness who took photographs of the site on the same afternoon as the accident. However, Mrs. Rougeou testified that the pictures did not represent the appearance of the road at the time of the accident. The apparent contradiction relative to the condition of the road was never resolved.
Considering the entirety of the evidence produced at trial, we cannot say that the trial judge was manifestly erroneous in his conclusions.
While it is not specifically stated in the reasons for judgment, it is evident that the trial judge found the defendants’ witnesses more credible than plaintiffs. Plaintiffs witnesses remembered a hole or depression in the road but, with the exception of Mrs. Rougeou, could not relate the condition with the date of the accident. If the trial court found the more certain testimony of the defendant more compelling, we cannot say that such finding was clearly wrong or an abuse of discretion. The important discrepancies relative to the condition of Mudge Road on the date of the accident were not resolved by plaintiffs evidence, but rather were made more emphatic.
We find that the photographs taken on the afternoon of the accident depict an irregular portion of the road where there were some noticeable depressions. However, we agree with the trial court that the irregularity was clearly visible and that Mrs. Rougeou should have seen it in time to avoid the situation. Further, accepting defendant’s version of the story, as did the trial court, Mrs. Rougeou must, in bringing her son to school, have traversed the area that very morning at which time the road would have been in substantially the same state, of which she should have become aware.
Finally, we agree with the trial judge’s conclusion that, even if plaintiff’s version of the facts is correct, plaintiff still is not entitled to recover because the condition of the road as depicted in the plaintiff’s photographs was not unreasonably dangerous.
“Unreasonableness” is a traditional standard for the determination of negligence. It is also fundamental to a finding of strict liability under La.C.C. Article 2317. Kent v. Gulf States Utilities [418 So.2d 493 (La.1982)], supra. Not every minor imperfection or irregularity in the roadway can be said to be patently dangerous (defective) or create an unreasonable risk of injury within the parameters of La.C.C. Articles 2315 and 2317. Burris v. Insured Lloyds, supra.
*780 The court in Burris, in evaluating the hump in the road in that case, continued:
A review of the record and photographs contained therein reveal that the hump in question was a gradual hump, as opposed to a sharp protruding bump, apparently caused by compression of the pavement.6 Although we recognize that such conditions are not particularly desirous and may even be annoying to motorists, we refuse to enlarge the scope of the state’s liability and to hold it responsible whenever it can be shown that roadway conditions exist which are less than perfect because of minor irregularities in the road’s surface. The record is void of any evidence tending to show that this particular hump in and of itself was obviously dangerous or created an unreasonable risk of injury to ordinary prudent motorists who pass over it.
Utilizing the analysis of Burris, which we find to be appropriate in the present case, we hold that while the condition of Mudge Road depicted in the photographs was not desirous, we do not find that in this particular instance it was obviously dangerous or created an unreasonable risk to an ordinary prudent motorist.
Accordingly, we can find no manifest error in the conclusions reached by the learned trial judge and hold that he correctly dismissed plaintiff’s action.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed against the appellant.
AFFIRMED.