GARRISON, Judge.
Mary Morrow brought suit for damages against the Sewerage & Water Board of New Orleans (the Board) and the City of New Orleans (the City), for injuries suffered in a fall on Prytania Street in New Orleans. After a trial on the merits, the trial judge ruled in favor of the defendants, finding no liability on the part of the Board or the City. The plaintiff appeals.
Mrs. Morrow alleges three assignments of error. The first assignment of error is that the trial court was incorrect in ruling that the Board had no facilities at the accident location. Secondly, that the trial court erred in ruling that the record does not reflect where the plaintiff fell and what defective condition, if any, existed at the time of the accident. Finally, that the court erred in finding that liability did not *1083 extend to the City under LSA-R.S. 9:2800 because the defendant failed to prove the proximate cause of her accident.
To prevail on a negligence action under LSA C.C. art. 2315, the plaintiff must prove the existence of a duty, breach of that duty, cause in fact, and legal causation. Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La.1988); Shroyer v. Grush, 555 So.2d 534 (La.App. 4th Cir.1989) writ denied 559 So.2d 139, 140 (La.1990). To establish the first three elements, the plaintiff must prove that the thing which caused the damage was owned or in the custody of the defendant, that its defective or hazardous condition created an unreasonable risk of injury which resulted in the damage, that the owner knew or should have known of that risk, and that the owner nevertheless failed to take adequate steps to prevent the damage caused by the thing. Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982). To prevail in a strict liability claim the plaintiff is relieved of proving knowledge, constructive or otherwise, of the hazardous condition or defect. Burris v. Lloyds, 417 So.2d 511 (La.App. 3 Cir.) writ denied 420 So.2d 982 (La.1982). However, when the defendant is a public entity and the plaintiffs basis for recovery lies in strict liability, LSA-R.S. 9:2800 requires that the plaintiff prove that the defendant had actual or constructive notice of the defect.
Plaintiff alleges that the trial court incorrectly concluded that the Board had no facilities at the location of the accident.
Plaintiffs petition alleged that the Board’s manhole was a proximate cause of her injuries. At trial, plaintiff both testified as to the location of her accident and identified a photograph of the area, marking with an X and a circle where she fell. In these photographs there is a manhole. This manhole lid is clearly marked as the property of Bell Systems. At no time during the trial was any evidence presented to show that the Board had any facilities at the accident site. Nor was there any evidence presented to suggest that the Board was or is responsible for the portion of sidewalk in question. As neither the manhole cover nor the sidewalk were under the “care, custody, and control of the Board,” it may not be held liable for any injuries which the plaintiff may have sustained as a result of their alleged defective condition. Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980). Therefore, the defendant’s assignment of error is without merit and the Board was correctly dismissed from this suit.
Plaintiff contends that the trial judge erred in finding that the record does not reflect where the plaintiff fell and what defective condition, if any, existed at the time of the accident.
At trial, the plaintiff testified that she fell on the manhole cover located at Dela-ehaise and Aline Streets. In deposition she said that she tripped and fell on the sidewalk. She also stated, variously, that she fell at the “broken ramp at the intersection” and that she didn’t know what caused her to fall because she wasn’t paying attention. The plaintiff, through conflicting statements, failed to show exactly where and what caused her fall.
Furthermore, even had the plaintiff established where and on what caused her fall, and had this been shown to be in the custody and care of the City, LSA-R.S. 9:2800 requires that the plaintiff prove that the City had actual or constructive notice of the defect. The record is bare of any such notice. Mr. Gusler, a street maintenance supervisor for the City, in fact testified that the City had received no complaints about the sidewalk in that area.
Given the aforementioned facts, we believe that the trial court was not in error and, accordingly, affirm its judgment.
AFFIRMED.